UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN POTTS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>J. GASTELO,<br><br>　　　　　Respondent. | Case No.   1:20-cv-01236-NONE-HBK<br><br>ORDER DENYING PETITIONER'S MOTION FOR AN EXTENSION OF AEDPA's TIME LIMITATIONS<br><br>(Doc. No. 3) |

Petitioner Kevin Potts, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Petitioner filed a pleading titled "Motion for Leave to Act After Expiration of Time F.R.C.P. (6)." (Doc. No. 3). To the extent discernable, Petitioner appears to be requesting an extension of his filing deadline under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") limitations deadline. (*See generally Id.*). A petitioner seeking habeas relief under § 2254 must comply with AEDPA's limitations period. For most habeas petitioners, the one-year limitations period applies and starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 42 U.S.C. § 2244(d)(1)(A). Statutory tolling applies to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id*. § 2244(d)(2). Courts cannot override AEDPA's statute of limitations and statutory tolling rules, however a petitioner may seek equitable tolling.

Equitable tolling may be granted to a petitioner under limited circumstances. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner can obtain equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Williams v. Filson*, 908 F.3d 546, 558 (9th Cir. 2018) (quoting *Holland*, 560 U.S. at 649).

Here, Petitioner generally complains that difficulties arising from the coronavirus outbreak prevented him from timely filing his petition. (Doc. No. 3). Petitioner does not provide enough facts in his motion for the Court to determine whether he is entitled to equitable tolling. *See generally Holland*, 560 U.S. at 649. Moreover, the Court has not yet determined that his petition is time-barred. To the extent Petitioner seeks an extension of AEDPA's statute of limitations, his motion is premature. Should the Court determine that the petition appears time-barred the Court will afford Petitioner an opportunity to show cause why the petition should not be dismissed as untimely. Alternatively, if the respondent seeks dismissal of the petition as untimely, Petitioner may advance an equitable tolling argument in his reply brief.

Accordingly, Petitioner's construed motion for extension of time to AEDPA's time limitation (Doc. No. 3) is **DENIED**.

IT IS SO ORDERED.

Dated:  December 8, 2020

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2