UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN POTTS,<br><br>        Petitioner,<br><br>  v.<br><br>DANNY SAMUEL,<br><br>        Respondent. | Case No.  1:20-cv-01236-NONE-HBK<br><br>ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY<br><br>(Doc. No. 28) |

      Petitioner Kevin Potts, a state prisoner proceeding *pro se*, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No. 1).  Petitioner is proceeding on his first amended petition.  (Doc. No. 19).  The court directed respondent to respond to the amended petition.  (Doc. No. 20).  Respondent's response is due no later than May 10, 2021.  (Doc. No. 25).  Petitioner now moves for the discovery of certain documents.  (Doc. No. 28).

      A habeas petitioner, "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Under Rule 6(a) of the Rules Governing Section 2254 Cases, a federal district court may in its discretion authorize discovery in a habeas proceeding for good cause.  *See id.* at 904-05.  Good cause exists if "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed," demonstrate entitlement to habeas relief.  *Smith v. Mahoney*, 611 F.3d 978, 996-97 (9th Cir. 2010).  However, "bald assertions and conclusory allegations" do not "provide a

basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who wishes to seek such discovery." *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987) (citing *Wacht v. Cardwell*, 604 F.2d 1245, 1246 n.2 (9th Cir. 1979)).

At this early stage in the case, petitioner has not yet shown that the facts of his case, once fully developed, will entitle him to habeas relief. Moreover, respondent has been ordered to provide "all transcripts and other documents necessary for resolving the issues presented in the petition." (Doc. No. 20 at 2). It is conceivable that the documents petitioner seeks will be included in respondent's production of the record in this case. Given the procedural posture of this case, the court finds petitioner's request for discovery to be premature. Accordingly, the court will deny petitioner's motion for discovery without prejudice to refiling once the facts of this case have been fully developed and respondent has produced the record.

Accordingly, it is **ORDERED**:

Petitioner's motion for discovery (Doc. No. 28) is denied without prejudice.

IT IS SO ORDERED.

Dated: ___March 26, 2021___

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2