UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN POTTS,<br><br>        Petitioner,<br><br>   v.<br><br>DANNY SAMUEL,<br><br>        Respondent. | Case No. 1:20-cv-01236-NONE-HBK<br><br>ORDER DENYING PETITIONER'S MOTIONS<br><br>(Doc. No. 39, 42, 43) |

Petitioner Kevin Potts, a state prisoner proceeding *pro se*, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Petitioner is proceeding on his first amended petition. (Doc. No. 19). Before the Court are various interrelated motions filed by Petitioner: (1) motion for sanctions on respondent (Doc. No. 39); motion to request non-pertinent lodged documents to be struck (Doc. No. 42); and motion for judicial notice (Doc. No. 43). After being directed, Respondent filed a consolidated response to the motions. (Doc. No. 45). In reply, Petitioner filed "objections" and "addendum objections." (Doc. Nos. 48, 49). For the reasons set forth below, the Court declines to grant Petitioner any relief on his motions.

## I. APPLICABLE LAW AND ANALYSIS

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting

*Link* v. *Wabash R. Co.*, 370 U. S. 626, 630-631 (1962).  That authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).  For the reasons stated below, Petitioner has failed to demonstrate that Respondent has abused the judicial process improperly lodged documents or failed to provide him with documents.  Consequently, his motions are due to be denied.

**A. Missed Filing Deadline**

In his motion for sanctions, Petitioner first states that Respondent's answer to the petition was untimely.  (Doc. No. 39 at 1).  On January 21, 2021, the Court ordered Respondent to respond to the petition within sixty days, or by March 22, 2021.  On March 10, 2021, before the period to respond expired, Respondent moved for an extension of time to file his response.  (Doc. No. 24).  In that motion, Respondent requested a sixty-day extension of time from the original deadline, or until May 21, 2021 to file his response.  (*Id*. at 3).  The Court granted Respondent a sixty-day extension from the date of Respondent's motion for extension, or until May 10, 2021.  (Doc. No. 25).  Respondent filed his answer to the petition on May 21, 2021.  (Doc. No. 30).

Respondent states that he inadvertently believed the new deadline was May 21, 2021, not May 10, 2021.  (Doc. No. 45 at 2-3).  Although "missing deadlines and failing to comply with Court orders" may warrant sanctions against a party, *Wahoo Int'l, Inc. v. Phix Doctor, Inc*., No. 13cv1395-GPC(BLM), 2015 U.S. Dist. LEXIS 183029, at *5 (S.D. Cal. Sep. 4, 2015), an isolated incident of "missing a filing deadline does not result in sanctions," *Xiaohua Huang v. Big Data Supply*, No. SACV 21-282 JVS (JDEx), 2021 U.S. Dist. LEXIS 157417, at *2 (C.D. Cal. June 24, 2021).  Further, Respondent's mistake is understandable considering that he requested an extension until May 21, 2021, but the Court only permitted the 60 days extension to run the date of the motion, not his last deadline.  Thus, it was reasonable for Respondent to conclude his requested deadline was granted.  Accordingly, the Court declines to sanction Respondent for this ground.

**B. Alleged Failure to Serve Copies of Filings on Petitioner**

Petitioner next complains that Respondent did not serve a copy of the confidential court transcript along with Respondent's motion to seal.  (Doc. No. 39 at 1, Doc. No. 32).  Respondent

states that he served Petitioner with a copy of the transcript and then re-served Petitioner with an additional copy upon Petitioner's filing of the instant motion. (Doc. No. 45 at 3). Petitioner in his motion for judicial notice states that he received at least the second copy of the transcript sent to him. (Doc. No. 43 at 1). Therefore, Petitioner's contention is moot and his request for sanctions on this ground is denied.

Petitioner also argues that Respondent should be sanctioned for his failure to serve "hard copies of documents filed electronically," ostensibly referring to the state court record. (Doc. No. 39 at 1). Petitioner has cited to no rule or case which supports his contention. On the contrary, this Court has previously found that a habeas petitioner is not entitled to a copy of the lodged record to be furnished by respondent. *Foss v. Martel*, No. 2:09-cv-3551-JAM-JFM (HC), 2011 U.S. Dist. LEXIS 66368, at *6 (E.D. Cal. June 10, 2011). Further, neither the Rules Governing Section 2254 Cases nor the Local Rules require Respondent to serve a copy of the state court record on Petitioner. *Frazier v. Biter*, No. 2:12-CV-0343-LKK-CMK-P, 2012 U.S. Dist. LEXIS 111719, at *1-2 (E.D. Cal. Aug. 8, 2012) (noting that Rule 5 of the Rules Governing Section 2254 Cases directs Respondents to file copies of the state court record with the court only); *Valdez v. Virga*, No. 1:12-cv-01784 AWI MJS (HC), 2013 U.S. Dist. LEXIS 128390, at *3 (E.D. Cal. Aug. 30, 2013) (noting that "Respondent is required to provide the Court with relevant state court records," not the petitioner). Petitioner's motion for sanctions on this ground is denied.

**C. Respondent's Alleged Filing of Irrelevant Documents**

Petitioner complains that Respondent "lodged documents 9-10, knowing or reasonably knowing the petition was relevant to the jail conditions in CDCR." (Doc. No. 39 at 1). Petitioner seeks to have this allegedly irrelevant documents struck from the record. (Doc. No. 42). Respondent responds that because lodged documents 9 and 10, petitioner's Kern County Superior Court habeas petition and that court's denial, contained argument regarding Petitioner's conviction and double jeopardy, these documents are relevant to the instant case. (Doc. No. 45 at 5, Doc. No. 31-9, 31-10). The Court agrees with Respondent—these documents are relevant to the instant case, especially for purposes of determining whether Petitioner exhausted his claims, and Respondent was ordered to provide the entire relevant state record. Thus, the Court will not

3

1 strike these documents.

2 Petitioner also complains that Respondent should not have lodged documents 11 and 12. (Doc. No. 39 at 2). Again, Petitioner seeks to have these documents struck from the record. (Doc. No. 42). The one documents is a copy of one of Petitioner's habeas petitions before the superior court and the one is that court's denial of the petition. (Doc. Nos. 31-11, 31-12). These documents are relevant to the Court, especially for the issue of exhaustion, and therefore the Respondent was correct to lodge them. Petitioner's request for sanctions or to strike these documents are denied.

### D. False Information

Petitioner complains that Respondent "falsely told the court that Petitioner's state appeal has not been decided yet." (Doc. No. 39 at 1). Respondent responds this mistake was a "technical error," that "no claim or defense was based on that procedural detail," and it did not impede the function of this Court. (Doc. No. 45 at 3). The Court agrees with Respondent—this error did not impede the function of the Court because the Court was able to independently determine that the state appellate court has remanded his case to the trial court for the purposes of determining his restitution order. Petitioner's request for sanctions on this ground is denied.

Petitioner complains that Respondent stated that he has only filed four state court habeas petitions, whereas Petitioner has actually filed six habeas petitions. (Doc. No. 39 at 2). This error did not impede the litigation of this suit—the Court independently verified that petitioner has filed six state habeas petitions. Petitioner's request for sanctions on this ground is denied.

Petitioner complains that Respondent's mistakenly stated that one of Petitioner's petitions was denied whereas the petition was actually withdrawn. This error does nothing to change the Court's analysis and is not a ground for sanctions.

### E. Failure to Lodge Document

Petitioner complains that Respondent failed to lodge a motion for reconsideration filed on one of his state habeas petitions. (Doc. No. 39 at 2). This motion for reconsideration would not serve to alter the Court's analysis of this case and therefore this ground does not warrant sanctions.

**F. Alleged Perjurious Information**

Petitioner complains that Respondent has "knowingly entered perjurious information into these proceedings." (*Id.*). Petitioner states that the police reports lodged as part of the state record contain false information. (*Id.*). However, this Court ordered Respondent to lodge the entire relevant state record. In ground one of his amended petition, Petitioner claims that the police reports contain false information. (Doc. No. 19 at 4). Accordingly, these records are relevant to the Court's analysis and the Respondent rightfully lodged them. Petitioner's motion for sanctions on this ground is denied.

Accordingly, it is **ORDERED**:

1. Petitioner's motion for sanctions on Respondent (Doc. No. 39) is DENIED.

2. Petitioner's motion to request non-pertinent lodged documents to be struck (Doc. No. 42) is DENIED.

3. Petitioner's motion for judicial notice as further support for his motion for sanctions (Doc. No. 43) is DENIED.

Dated:   October 22, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE