UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN POTTS,<br><br>        Petitioner,<br><br>    v.<br><br>J. GASTELO,<br><br>        Respondent. | Case No. 1:20-cv-01236-NONE-HBK<br><br>ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE<br><br>(Doc. No. 33)<br><br>ORDER DIRECTING RESPONDENT TO PROVIDE STATUS REPORTS AND TO LODGE STATE COURT RECORD |

      Petitioner Kevin Potts, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Petitioner is proceeding on his first amended petition. (Doc. No. 19). Before the Court is Petitioner's motion for a stay and abeyance under *Rhines*. (Doc. No. 33); *Rhines v. Weber*, 544 U.S. 269 (2005). The Court ordered Respondent to respond to the motion to stay. (Doc. No. 34). Respondent filed an opposition to Petitioner's motion to stay (Doc. No. 37), and Petitioner filed a reply. (Doc. No. 38). The undersigned grants Petitioner's motion to stay.

**I. BACKGROUND**

      The petition challenges Petitioner's October 30, 2018 plea-based judgement of conviction for three counts of rape by use of drugs. (Doc. No. 19 at 1). Petitioner directly appealed his conviction. (Doc. No. 31-1). At the time Petitioner filed the instant petition, he had filed six

habeas petitions in the state courts—four in the superior court, one in the appellate court, and one in the supreme court. (Doc. Nos. 31-4 – 31-16). After filing the instant petition, Petitioner filed two additional habeas petitions in the state supreme court: *Potts (Kevin Lynn) on H.C.*, No. S266487, denied on August 11, 2021 and *Potts (Kevin) on H.C.*, No. S269230, filed on June 9, 2021, which is still pending.

Petitioner identifies three grounds, with sub-parts, for relief in his petition: (1) trial counsel was constitutionally ineffective assistance for permitting false evidence to be presented and permitting his conviction without a presentation of proof beyond a reasonable doubt; (2) Petitioner was subjected to a warrantless search, in violation of his Fourth Amendment and *Miranda* rights; and (3) Petitioner's plea was involuntary. (*See generally* Doc. No. 19). Petitioner seeks a stay and abeyance of his petition in order to exhaust his third ground for relief: his plea was involuntary. (Doc. No. 33 at 3). Respondent does not dispute that Petitioner's first two claims are exhausted. Further, Respondent does not dispute that Petitioner presented his involuntary plea claim to the state superior and appellate courts. (Doc. No. 37 at 2). Respondent, however, argues that this third ground is unexhausted because Petitioner did not present his involuntary plea claim to the state supreme court. (*Id.*).

## II. APPLICABLE LAW AND ANALYSIS

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. The U.S. Supreme Court has held that a district court may not adjudicate a federal habeas corpus petition unless the petitioner has exhausted state remedies on each of the claims raised in the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). A "mixed petition," meaning a petition containing both exhausted and unexhausted claims, is subject to dismissal. *Id.*; *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

However, *Rhines* permits a court to stay all the claims in a petition while the petitioner returns to the state courts to exhaust his already pled but unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). A stay and abeyance "should be available only in limited circumstances" because issuing a stay "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to

filing his federal petition." *Id*. Under *Rhines*, a stay and abeyance for a mixed petition, a petition that contains both exhausted and unexhausted claims, is available only where: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. *Id.*

### A. Good Cause

In order for a district court to grant a motion to stay, a petitioner must first show good cause. "There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust." *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014). Although good cause under *Rhines* does not require a showing of "extraordinary circumstances," *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005), "unspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—[do] not satisfy the good cause requirement," *Blake*, 745 F.3d at 981. Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify his failure to exhaust his claims." *Id*. at 982.

Here, Petitioner claims that he has good cause for a stay because he is ignorant of the law, has had limited access to the law library due to COVID-19 protocols, and did not receive a paper copy of the state court record from Respondent.[1] (Doc. No. 33 at 2). Although these reasons alone may not constitute good cause for a stay and abeyance of the petition, the Court finds that Petitioner has demonstrated good cause for another reason—Petitioner may have understood he had exhausted his claim as it was raised peripherally in his state supreme court habeas petition. Further, Petitioner readily appears to have availed himself of the process to exhaust this ground.

It is not entirely clear to the Court whether Petitioner has failed to exhaust his involuntary plea claim. As an initial matter, throughout his first state supreme court habeas in *Potts (Kevin)*

---

[1] The Court notes that Petitioner has pointed to no authority which directs Respondent to serve a copy of the state court record on Petitioner. This Court has previously found that a habeas petitioner is not entitled to a copy of the lodged record to be furnished by respondent. *Foss v. Martel*, No. 2:09-cv-3551-JAM-JFM (HC), 2011 U.S. Dist. LEXIS 66368, at *6 (E.D. Cal. June 10, 2011). Further, neither the Rules Governing Section 2254 Cases nor the Local Rules require Respondent to serve a copy of the state court record on Petitioner. *Frazier v. Biter*, No. 2:12-CV-0343-LKK-CMK-P, 2012 U.S. Dist. LEXIS 111719, at *1-2 (E.D. Cal. Aug. 8, 2012) (noting that Rule 5 of the Rules Governing Section 2254 Cases directs Respondents to file copies of the state court record with the court only); *Valdez v. Virga*, No. 1:12-cv-01784 AWI MJS (HC), 2013 U.S. Dist. LEXIS 128390, at *3 (E.D. Cal. Aug. 30, 2013) (noting that "Respondent is required to provide the Court with relevant state court records," not the petitioner).

*on H.C.*, No. S260998 (Cal. Jun. 17, 2020), Petitioner alerted the state supreme court that he believed his plea was involuntary and unknowing.[2] For example, in ground two of the petition, Petitioner states he "feared for his liberty and gave up and signed," which likely refers to his plea agreement. (Doc. No. 31-18 at 11). Elsewhere Petitioner mentions that he sought habeas relief in Fresno County Superior Court for "coercion to plea" (*id*. at 12) and that the trial court accepted the plea "under unknown false pretenses" (*id*. at 19). Petitioner also says that he "forcefully entered into nolo contendere plea." (*Id*. at 26). Finally, Petitioner states that his trial counsel "coerced his client to plea" and "coerc[ed] him to plea." (*Id*. at 29, 31). Although none of these statements were raised as a stand-alone involuntary plea claim, it is possible that the state supreme court considered his involuntary plea claim based on the above. However, the Court cannot determine from the state supreme court's summary denial whether that court considered his involuntary plea claim. (Doc. No. 31-19).

Moreover, Petitioner raised his involuntary plea claim in later motions to supplement his initial state supreme court habeas petition (case no. S260998). For example, in a document titled "request for evidentiary hearing . . . notice of motion and motion to supplement habeas corpus petition," Petitioner sought to add a fourth ground—that he was coerced to plea. (Doc. No. 31-18 at 150, 152-54). Further, in an additional motion to supplement habeas petition, which was docketed by the state supreme court on May 26, 2020, Petitioner argues that his plea was unknowing and involuntary. (*Id*. at 173). Petitioner also filed a motion to amend his petition in this case, seeking to amend his involuntary and unknowing plea claim. (*Id*. at 177-81). Again, due to the summary dismissal, the Court cannot determine whether these supplemental filings were considered by the state supreme court.

Further, as noted *supra*, Petitioner filed two additional state supreme court petitions (case no. S266487 and case no. S269230) after he filed the instant petition. Case no. S269230 is currently pending. The Court does not have the benefit of viewing the contents of these

---

[2] The Court notes that Petitioner clearly raised his involuntary plea claim in his superior court habeas petition (Doc. No. 31-11 at 3), and this claim was rejected by the superior court (Doc. No. 31-15 at 3-4). Further, Petitioner raised his involuntary plea claim in his court of appeal habeas petition (Doc. No. 31-13 at 3, 6); this habeas petition was summarily rejected (Doc. No. 31-17 at 1).

additional state supreme court petitions. However, it is at least plausible that Petitioner has either exhausted his involuntary plea claim in case no. S266487 or is currently exhausting his involuntary plea claim in case no. S269230. In any event, Respondent should have lodged these additional state supreme court habeas petitions with the court because they are relevant to the Court's exhaustion analysis. The Court will direct Respondent to do so expeditiously.

Finally, Petitioner informs the Court that he currently has a "Marsden motion" pending before Fresno County Superior Court, filed September 26, 2021. (*See* Doc. No. 50 at 1). This motion was ostensibly filed in Petitioner's original criminal case at the trial court, case no. F16902888 in the Fresno Superior Court.[3] In California, a *Marsden* motion is made by a defendant in a criminal case to discharge his court-appointed attorney and substitute new counsel. *See People v. Marsden*, 2 C3d 118, 123 (1970). While it appears that the time has passed in which Petitioner can submit a *Marsden* motion, it is possible that Petitioner is actually attempting to claim his trial counsel was ineffective because he failed to fully advise Petitioner on his plea. To the extent Petitioner possibly has an ineffective assistance of counsel claim involving an involuntary plea pending, the Court should allow Petitioner to exhaust this claim at the state superior court.

If, in fact, Petitioner is currently exhausting his involuntary plea claim before the state supreme court or the state superior court, this Court should give Petitioner an opportunity to do so. Accordingly, Petitioner has demonstrated good cause under *Rhines*.

**B. Merit of Claim**

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under *Rhines*." *Dixon*, 847 F.3d 714 at 722. "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Id.* (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th

---

[3] The Court notes that the state court of appeal recently remanded this case to the Fresno County Superior Court to determine whether the Petitioner's restitution order is lawful. *See People v. Potts*, F16902888 (Fresno Ct. Sup. Ct. May 10, 2016). Petitioner has a hearing scheduled on the matter on October 28, 2021.

5

1  Cir. 2005). Petitioner maintains that his involuntary plea claim has merit. (Doc. No. 33 at 3).
2  Respondent argues that Petitioner's involuntary plea claim does not have merit, as outlined in the
3  Respondent's answer. (Doc. No. 37 at 7, Doc. No. 30 at 9-12).

4  "When a criminal defendant has solemnly admitted in open court that he is in fact guilty
5  of the offense with which he is charged, he may not thereafter raise independent claims relating to
6  the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*
7  *v. Henderson*, 411 U.S. 258, 267 (1973). A petitioner instead can "attack the voluntary and
8  intelligent character of the guilty plea by showing that the advice he received from counsel was
9  not within the standards set forth in *McMann*." *Id*. (citing *McMann* v. *Richardson*, 397 U.S. 759,
10 770 (1970)).

11  Here, Petitioner claims that his plea was "induced unlawfully, unknowingly,
12  unintelligently, and involuntary [sic]." (Doc. No. 19 at 28). Petitioner states that his counsel and
13  the state's attorney "engaged in acts to get a plea." (*Id*.). Petitioner also states that he was "lied
14  to by counsel" and "deprived of knowledge of elements of charge and full discovery." (*Id*.).
15  Admittedly, these allegations are vague and arguably conclusory as they fail to identify specific
16  fasts. However, a petitioner claim that his counsel did not provide him adequate advice regarding
17  his guilty plea, as required under *Tollett* and *McMann*, is cognizable on federal habeas review.
18  Therefore, the Court cannot at this stage find the claim is not plainly meritless.

19  **C. Dilatory Litigation Tactics**

20  Finally, in order for a district court to grant a stay, Petitioner must not have engaged in
21  intentionally dilatory tactics. Neither Petitioner nor Respondent address this prong of *Rhines*.
22  However, the Court finds no evidence that Petitioner engaged in dilatory or abusive litigation
23  tactics. Indeed, to the contrary. The state supreme court denied Petitioner review on June 17,
24  2020. (Doc. No. 31-19). Petitioner filed the instant petition less than three months later, on
25  September 2, 2020. (Doc. No. 1). The Supreme Court in *Pace v. DiGuglielmo*, held that a "a
26  prisoner seeking state postconviction relief might avoid this predicament (missing the federal
27  statute of limitations while exhausting state claims) . . . by filing a 'protective' petition in federal
28  court and asking the federal court to stay and abey the federal habeas proceedings until state

remedies are exhausted." 544 U.S. 408, 416 (2005).  Here, Petitioner cites to *Pace* and alludes that he filed a protective petition out of concern for meeting the federal statute of limitations.  Further, as discussed above, Petitioner filed two additional habeas petitions before the state supreme court after filing the instant petition.  It is possible that Petitioner filed these petitions in an attempt to exhaust his claim.  As such, the Court finds that Petitioner did not engage in intentionally dilatory tactics.

Accordingly, finding Petitioner has met all three requirements of *Rhines*, the Court will grant Petitioner's motion for a stay and abeyance.  Further, the Court will order Respondent to keep the Court apprised of the status of Petitioner's state superior court and supreme court proceedings and lodge the relevant state record.

Accordingly, it is ORDERED:

1. Petitioner's motion for a stay and abeyance of his petition (Doc. No. 33) is granted;

2. Respondent is ordered to provide a status report every sixty (60) days apprising the Court of the status of Petitioner's exhaustion efforts before the Fresno County Superior Court and the California Supreme Court;

3. Respondent is ordered to notify the Court within twenty (20) days of the issuance of the final order in Petitioner's case no. S269230 before the California Supreme Court that the case has concluded; and

4. Respondent is ordered to lodge the petitions and any other relevant documents related to Petitioner's most recent California Supreme Court habeas petitions (case nos. S266487 and S269230) and Petitioner's *Marsden* motion before the Fresno County Superior Court (case no. F16902888).

Dated:     October 29, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

7