UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN POTTS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>DANNY SAMUEL,<br><br>　　　　　　Respondent. | Case No.  1:20-cv-01236-JLT-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY<br><br>(Doc. No. 84) |

　　　　Petitioner Kevin Potts, a state prisoner, is proceeding pro se on his First Amended Petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 19, "First Amended Petition"). On January 18, 2023, the Court lifted the stay as it appeared Petitioner had exhausted his previously unexhausted claims, and directed Respondent to respond to the First Amended Petition. (Doc. No. 20). On January 27, 2023, the Court granted Respondent's request to withdraw the argument that Petitioner's third ground for relief in the First Amended Petition was unexhausted, and stand on the remaining arguments in the Answer. (Doc. Nos. 80, 81). On February 21, 2023 Petitioner filed a reply. (Doc. No. 83). Petitioner now moves for the discovery of certain documents. (Doc. No. 84).

　　　　A habeas petitioner, "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Under Rule 6(a) of the Rules Governing Section 2254 Cases, a federal district court may in its discretion

1

1  authorize discovery in a habeas proceeding for good cause. *See id.* at 904-05.  Good cause exists
2  if "specific allegations before the court show reason to believe that the petitioner may, if the facts
3  are fully developed," demonstrate entitlement to habeas relief. *Smith v. Mahoney*, 611 F.3d 978,
4  996-97 (9th Cir. 2010).  However, "bald assertions and conclusory allegations" do not "provide a
5  basis for imposing upon the state the burden of responding in discovery to every habeas petitioner
6  who wishes to seek such discovery." *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987)
7  (citing *Wacht v. Cardwell*, 604 F.2d 1245, 1246 n.2 (9th Cir. 1979)).

8        Petitioner requests the following documents: CV's 2015-2016 school record, and CV's
9  "Kaiser Medical" record.  (Doc. No. 84 at 1).  Petitioner contends there is good cause to order
10 discovery of these documents because they show a "credible factual dispute" between the
11 presentence report lodged by Respondent and "actual statements by parties in the case."  (*Id.*).
12 Petitioner does not provide the Court with reason to conclude that if his motion for discovery is
13 granted and the facts fully developed, he will be able to demonstrate he is entitled to relief.
14 Moreover, any discovery would likely be futile because the Court's review, under *Cullen v.*
15 *Pinholster*, 563 U.S. 170 (2011), is limited under 28 U.S.C. § 2254(d) to the record that was
16 before the state court that adjudicated the claim on the merits. *See Runningeagle v. Ryan*, 686
17 F.3d 758, 773 (9th Cir. 2012) (petitioner not entitled to conduct additional discovery, expand the
18 record, or obtain an evidentiary hearing where the state court had adjudicated the claim on the
19 merits).  For these reasons, the motion is denied.

20       Accordingly, it is **ORDERED**:

21       Petitioner's Motion for Discovery (Doc. No. 84) is DENIED without prejudice.

23 Dated:  April 17, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE